call," *id.*, and "not only once the call has ended," *see id.* In other words, we have already addressed and answered the precise question presented in this appeal. Nor will we entertain new arguments such as alleged inoperability of the invention when the claims are construed as we have construed them, because all such arguments about the meaning of "substantially simultaneous" either were or could have been made in the earlier appeals. Under principles of *stare decisis,* moreover, future panels like the present panel will follow the claim construction set forth by our court in the two decisions cited above and, therefore, we would not welcome further appeals seeking to re-litigate the meaning of that phrase. Indeed, further appeal on that issue would appear to be subject to possible sanctions as frivolously filed under Fed. R.App. P. 38.

Accordingly, we discern no error with the trial court's judgment and therefore affirm.

**Cathleen PERKINS, Petitioner,**

v.

**DEPARTMENT OF the TREASURY, Respondent.**

No. 01–3357.

United States Court of Appeals, Federal Circuit.

Oct. 10, 2001.

ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) and to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**Yolanda P. PETERS, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

No. 01–3354.

United States Court of Appeals, Federal Circuit.

Oct. 10, 2001.

ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) and to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED,

for failure to prosecute in accordance with the rules.

Gloria ENSIGN, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 01–3340.

United States Court of Appeals, Federal Circuit.

Oct. 10, 2001.

ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1), and to file the required Statement Concerning Discrimination, and to file the brief required by Federal Circuit Rule 31(a) within the time permitted, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

Liberty R. ARAMAN, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 01–3330.

United States Court of Appeals, Federal Circuit.

Oct. 10, 2001.

ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1), and to file the required Statement Concerning Discrimination, and to file the brief required by Federal Cir-